MARK JOSEPH REICHEL, State Bar #155034
THE LAW OFFICES OF MARK J. REICHEL
655 University Avenue, Suite 215
Sacramento, California  95825
Telephone: (916) 974-7033
mreichel@donaldhellerlaw.com

Attorney for Defendant
ERIC MCDAVID

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>             Plaintiff,          )<br>                                 )<br>     v.                          )<br>                                 )<br>                                 )<br>                                 )<br>ERIC MCDAVID,                    )<br>                                 )<br>             Defendant.          )<br>_____ | Case No.  CR.S-06-0035-MCE<br><br>**DEFENDANT ERIC MCDAVID'S MOTION TO DISMISS THE INDICTMENT**<br><br>DEFENDANT'S NOTICE OF MOTION AND ***MOTION TO DISMISS THE INDICTMENT BASED UPON VIOLATION OF THE DUE PROCESS CLAUSE/OUTRAGEOUS GOVERNMENT MISCONDUCT IN THE FBI AND THEIR INFORMANT URGING, TEACHING, EXPLAINING AND PAYING FOR THE MAKING OF A DANGEROUS EXPLOSIVE DEVICE;*** MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR EVIDENTIARY HEARING.<br><br>Date: February 6, 2007<br>Time: 8:30 A.m.<br>Judge: Hon. Morrison C. England |

     To: McGregor W. Scott, R. Steven Lapham, attorneys for plaintiff: PLEASE TAKE NOTICE that on the above date in the above entitled action, defendant, through counsel Mark J.

Reichel, will move this Honorable Court to issue an order dismissing with prejudice the indictment in this matter.

This motion is made upon the grounds that the due process clause prevents the prosecution of the defendant in the instant matter.

This motion is based on the United States Constitution, the Federal Rules of Criminal Procedure, the Points and Authorities submitted in support, and such argument and evidence of counsel at the hearing on the motion.

Respectfully submitted

DATED: December 19, 2006.

                              MARK J. REICHEL
                              ATTORNEY AT LAW
                              Attorney for defendant

                              /S/ Mark Reichel

**MEMORANDUM OF POINTS AND AUTHORITIES**

**SUPPORTING FACTS**[1]

In or about June of 2005, CS "Anna" began discussions with all 3 defendants in this case about "direct action," which Anna urged must include the manufacture of an explosive device, such as is charged in the criminal complaint and indictment in this case.

Anna then proceeded, over the course of the following 6 month period ending on January 13, 2006, to (1) urge the manufacture of such a device; (2) provide the only financial means by which the plan could even begin to occur; (3) provided the means to communicate between the group for the period that they were apart following June of 2005; (4) continued to encourage the group to "stay connected" and in contact when they separated after June of 2005; (5) paid for the air travel of a co defendant to fly to California to

---

[1] This factual background comes from the discovery provided by the government, defense investigation conducted to date, and the anticipated testimony and evidence to be submitted at the hearing of the motion. The criminal complaint also sets forth the government's version of events in detail.

A succinct account is that the defendant Eric McDavid first met "Anna," not her real name, who was an untrained full time government informant in or about the Summer of 2004. Defendant was at that time traveling in Des Moines Iowa and was committing no crime but was actually "targeted" for contact and infiltration by Anna as part of a "profile" she used for the FBI to meet, maintain contact with, provide information on and collect data about. From 2004 until June of 2005, defendant McDavid and Anna kept in contact via e mail and otherwise. At some time, but at least by June of 2005, Anna informed the FBI that McDavid was involved in a conspiracy to commit certain crimes. McDavid was arrested in Anna's presence in January 2006 and charged in the instant case.

attend a "planning session;" (6) paid monies to the defendants to keep them contacted (7) drove 2 of the defendants in her own car across country to reside in a place in California that she provided for their residence; (8) provided lap top computers for their education on how to make explosive devices; (9) provided books and literature on how to make explosive devices; (10) provided room and board for the defendants, providing all of their food and all necessaries of life; (11) provided the money to buy the supplies for the device; (12) drove the defendants in her own car to the store to buy the supplies; (13) encouraged, urged and cajoled the defendants to attempt a dangerous chemical experiment in an attempt to make such a device; (14) participated in and directly caused the attempted manufacture of the device.

## **LEGAL ARGUMENT**

United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991) holds that a district court may dismiss an indictment either to remedy outrageous governmental conduct amounting to a due process violation, or under the court's supervisory powers to remedy a constitutional violation, to protect judicial integrity, or to deter future illegal conduct.

It is best articulated that outrageous misconduct occurs when "...the challenged conduct violates commonly accepted norms of fundamental fairness and is shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 431-432 (1973). As such, Anna's conduct must be

judged according to "commonly accepted norms..."

Commonly accepted norms undoubtedly include the sentiments of the Department of Justice in San Diego and the United States Attorney's Office in the Southern District. There, the following press release was published

> NEWS RELEASE SUMMARY -February 22, 2006 United States Attorney Carol C. Lam announced today the unsealing of a one-count indictment charging Rodney Adam Coronado, a self-proclaimed member of the Earth Liberation Front ("ELF"), with the felony charge of ***demonstrating the use of a destructive device***. Coronado was arrested earlier today in Tucson, Arizona, by agents of the Federal Bureau of Investigation and Alcohol, Tobacco, Firearms, and Explosives. According to the indictment, on August 1, 2003, at a public gathering in the Hillcrest neighborhood of San Diego, Coronado taught and ***demonstrated the making and use of a destructive device***, with the intent that the device be used to commit arson. Hours earlier, a fire had destroyed a large apartment complex under construction in the University Towne Center (UTC) area of San Diego. United States Attorney Lam stated, "Teaching people how to build explosives in order to commit violent crimes is unacceptable in civilized society. There is no excuse for it." Daniel R. Dzwilewski, Special Agent in Charge, San Diego Division of the Federal Bureau of Investigation, commented, "America will not tolerate terrorists. Whether you were born here or abroad, we will not stand back and allow you to terrorize our communities under the guise of free speech." John T. Torres, Division Director, Special Agent in Charge, Los Angeles Field Division, Bureau of Alcohol, Tobacco, Firearms & Explosives, stated, "When organizations such as ELF/ALF engage in these senseless acts of violence, it threatens us all. ATF will continue to aggressively pursue these types of cases, and bring this type of criminal activity to a halt." Coronado is scheduled to be arraigned on the indictment before a United States Magistrate Judge in Tucson, Arizona.
>
> DEFENDANT Case Number: 06CR0298JM Rodney Adam Coronado.

(Emphasis added). The press release may be obtained on line at www.cldc.org/pdf/Rod_C._USAA_PR.pdf

There can be no doubt that this is exactly what Anna did, although Anna did it in a much more "**involved**" manner. The now indicted Mr. Coronado was at a lawful and peaceful

public gathering, organized for political speech, whereby he demonstrated –largely with words only– how he had made a device for which he was convicted in 1992. Anna, on the other hand, performed the numerous acts described herein above, purchased real products and supplies, and caused the attempted manufacture of such a device. Her conduct, unquestionably, far exceeds the now indicted Mr. Coronado.

18 U.S.C. § 842, which Anna violated, provides in relevant part

> Unlawful acts
>
> (a) It shall be unlawful for any person–
>
> (B) to teach or demonstrate to any person the making or use of an explosive, a destructive device, or a weapon of mass destruction, or to distribute to any person, by any means, information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction, knowing that such person intends to use the teaching, demonstration, or information for, or in furtherance of, an activity that constitutes a Federal crime of violence.

The commission of this act, in accord with U.S. Attorney Lam's sentiments in San Diego, is clearly violative of the "common norms of decency."

Along this line, it is to be noted that the discovery alleges that Anna received authority, in December 2005, to engage in "Otherwise Illegal Activity." Presumably, this was the manufacture of the device in January of 2006.

"Otherwise illegal Activity" is governed –purportedly–by the Attorney General's Guidelines on Use of Confidential Informants, available on line www.usdoj.gov/olp/dojguidelines.pdf. The very big problem presented for the government in the present case is that

1  there has never been any judicial approval of such a
2  "guideline."  While there is nothing stopping the Attorney
3  General from directing FBI agents that they may allow agents
4  working for them to engage in illegal activities, that is
5  simply the executive branch telling the executive branch what
6  is legal and what is not legal. It doesn't work that way. The
7  judicial branch states what the law is. Has been that way for
8  some time. <u>Marbury v. Madison</u>, 5 U.S. 137, 1 Cranch 137, 2 L.
9  Ed. 60 (1803). As such, the first point here is that in all
10 instances, allowing an informant –at the behest of the FBI--
11 to engage in serious "Otherwise Illegal Activity" is illegal
12 and violates the due process clause, requiring dismissal of
13 charges.

14     Assuming without conceding that the activity is actually
15 allowed by the courts, the conduct herein was even outside of
16 the boundaries of the Attorney General Guidelines.
17 Specifically, paying for, teaching, explaining, and helping
18 to make an explosive device is not something for which an FBI
19 Agent and an informant can get "OIA" authorization. A CI is
20 never permitted to participate in ***an act of violence***, nor
21 perform an act which the agent could not do themselves. See
22 <u>The Attorney General's Guidelines on Use of Confidential</u>
23 <u>Informants</u> at page 20, Chapter III C.

24     Defense counsel has not been able to find one reported
25 case where an FBI Agent and/or informant actually purchased
26 the supplies and then assisted in the making of an explosive
27 device which then resulted in prosecution of a defendant for
28 entering into such a conspiracy.

1   This Circuit teaches the district courts that Federal
2 courts have supervisory powers to formulate procedural rules.
3 A court may exercise its supervisory powers to dismiss an
4 indictment in response to outrageous government conduct that
5 falls short of a due process violation. The supervisory power
6 may be used to prevent parties from reaping benefit or
7 incurring harm from violations of substantive or procedural
8 rules (imposed by the Constitution or laws) governing matters
9 apart from the trial itself. To justify exercise of the
10 court's supervisory powers, prosecutorial misconduct must (1)
11 be flagrant and (2) cause "substantial prejudice" to the
12 defendant. <u>United States v. Ross</u>, 372 F.3d 1097, 1109-1110
13 (9th Cir. 2004).
14   This criteria is met in the case at bar.

### **CONCLUSION.**

16   For the reasons stated above, defendant respectfully
17 asks that the Court grant his motion to dismiss the
18 indictment with prejudice.
19   Respectfully submitted
20   DATED: December 19, 2006.

22                                   MARK J. REICHEL
                                     ATTORNEY AT LAW
23                                   Attorney for defendant

24                                   /S/ Mark Reichel