MARK JOSEPH REICHEL, State Bar #155034
THE LAW OFFICES OF MARK J. REICHEL
655 University Avenue, Suite 215
Sacramento, California  95825
Telephone: (916) 974-7033
mreichel@donaldhellerlaw.com

Attorney for Defendant
ERIC MCDAVID

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>  v.<br><br>ERIC MCDAVID,<br>        Defendant.<br>_____ | Case No.  CR.S-06-0035-MCE<br><br>**MOTION TO SUPPRESS EVIDENCE**<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION TO SUPPRESS ALL EVIDENCE OBTAINED AS PART OF WARRANTLESS AND ILLEGAL ***SEARCHES OF MCDAVID'S POSSESSIONS AND PROPERTIES THROUGHOUT THE INVESTIGATION OF THIS CASE*** AS VIOLATIVE OF THE FOURTH AMENDMENT'S PROTECTION AGAINST SEARCHES WITHOUT A WARRANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; REQUEST FOR EVIDENTIARY HEARING.<br><br>Date: February 6, 2007<br>Time: 8:30 A.m.<br>Judge: Hon. Morrison C. England |

To: **McGregor W. Scott, R. Steven Lapham**, attorneys for plaintiff: PLEASE TAKE NOTICE that on the above date in the above entitled action, defendant, through counsel MARK J.

Mot.Suppres. From illegal searches by Anna

1  REICHEL, will move this Honorable Court to issue an order
2  suppressing as evidence by the plaintiff in this trial the
3  following evidence: Any and all evidence, derived directly or
4  indirectly, and all fruits thereof, obtained by the informant
5  "Anna" by searching any personal belongings or possessions
6  of McDavid during the investigation of this case, from June
7  of 2005 until his arrest in January of 2006.
8      The search was without a warrant, and therefore
9  violative of the Fourth Amendment.
10     This motion is based on the United States Constitution,
11 the Federal Rules of Criminal Procedure, the Points and
12 Authorities submitted in support, and such argument and
13 evidence of counsel at the hearing on the motion.
14     Respectfully submitted
15     DATED: December 19, 2006.

17                              MARK J. REICHEL
                                ATTORNEY AT LAW
18                              Attorney for defendant

19                              /S/ Mark Reichel

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Supporting Facts**[1]: Defendant was first contacted by informant Anna in Des Moines Iowa in 2004; the two kept in con tact thereafter, often by e mail. They re united in June of 2005, and immediately thereafter the present investigation began. From June of 2005 onward, Anna and the defendant wrote letters to each other, wrote e mails, and talked on the telephone.  They spent an inordinate amount of time together, and resided together off and on until the arrest on January 13, 2006.

This motion seeks to suppress any and all evidence that Anna obtained by rummaging or in any way searching through belongings of the defendant.  In the times that the two were together, discussed above, it is undoubted that Anna performed such searches as an undercover agent.

It is anticipated that at trial that Anna will testify as to things she observed or found by rummaging, searching and exploring through personal effects, possessions and property of this defendant in the times between June of 2005 and January 13, 2006.

In advance of trial, defendant moves for an order suppressing such evidence, and all fruits thereof, as an informant--even at the FBI's behest--may not conduct such a warrantless search.

---

[1] Familiarity with the operative facts of this charge are assumed and reference is made to the Criminal Complaint and background facts therein. As with all of the defendant's pretrial motions, the factual background for this motion comes from the discovery provided by the government, defense investigation, and the anticipated testimony and evidence to be submitted at the hearing of the motion.

**Legal authority**.

<u>A.    The Fourth Amendment "Exclusionary" Rule</u>.

The Fourth Amendment provides that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." <u>U.S. Const., Amend. IV.</u> Evidence obtained in violation of the Fourth Amendment must be excluded from a federal criminal prosecution. <u>Weeks v. United States</u>, 232 U.S. 383, 398 (1914). "The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" <u>Segura v. United States</u>, 468 U.S. 796, 804, 104 S. Ct. 3380 (1984) (citations omitted). "It 'extends as well to the indirect as the direct products' of unconstitutional conduct." <u>Id</u>., quoting <u>Wong Sun v. United States</u>, 371 U.S. 471, 484, 83 S. Ct. 407 (1963). The exclusionary rule fashioned in <u>Weeks v. United States</u>, 232 U.S. 383 (1914), and <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961), excludes from a criminal trial any evidence seized from the defendant in violation of his Fourth Amendment rights. Fruits of such evidence are excluded as well. <u>Silverthorne Lumber Co. v. United States</u>, 251 U.S. 385, 391-392 (1920). Because the Amendment affords protection against the uninvited ear, oral statements, if illegally overheard, and their fruits are

1  also subject to suppression. <u>Silverman v. United States</u>, 365
2  U.S. 505 (1961); <u>Katz v. United States</u>, 389 U.S. 347 (1967).
3      B.  <u>Warrantless Search</u>.
4      The United States must prove that any warantless search
5  of defendant's possessions and properties was legal under the
6  Fourth Amendment.  A search or seizure *not* accompanied by a
7  warrant is presumed to be unreasonable. <u>United States v.
8  Carbajal</u>, 956 F.2d 924, 930 (9th Cir. 1992), *citing* <u>Katz v.
9  United States</u>, 389 U.S. 347 (1967).  The burden is on the
10 United States to justify the warrantless search of
11 defendant's property as a recognized exception to the rule
12 requiring the prior obtaining of a judicially authorized
13 search warrant.  <u>Carbajal</u>, 956 F.2d at 930.
14     C. <u>Illegal search by the informant.</u>
15     This is not even a close call. The Attorney General's
16 Guidelines Regarding The Use Of Confidential Informants,
17 issued May 30, 2002, page 19, available on line at
18 www.usdoj.gov/olp/dojguidelines.pdf, provide that an
19 informant is never permitted to "(iii) participate in an act
20 designed to obtain information for the JLEA that
21 would be unlawful if conducted by a law enforcement agent
22 (e.g.,breaking and entering, illegal wiretapping, illegal
23 opening or tampering with the mail, or trespass amounting to
24 an illegal search)."
25     This is obvious: if an agent could not perform a
26 warrantless search of McDavid's properties, neither can Anna.
27
28

**Conclusion**. Again, the Fourth Amendment forbids search and seizure of a person's property absent a warrant unless there is a judicially recognized basis to dispense with the warrant requirement *prior to the search*.  The government bears the burden as to this issue. This they cannot do. As well, they concede themselves that such a practice is illegal under their own policy manuals.

For the reasons stated above, defendant respectfully asks that the Court grant his motion to suppress all direct and derivatively obtained evidence.

Respectfully submitted

DATED: December 19, 2006.

                              MARK J. REICHEL
                              ATTORNEY AT LAW
                              Attorney for defendant

                              /S/ Mark Reichel